UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

KEVIN PAUL,

                              Plaintiff,     **COMPLAINT AND JURY DEMAND**

      -against-

CITY OF NEW YORK, OFFICER KRISTA OWENS (Shield # 16661), JOHN DOE OFFICERS #1-3,     **Docket No.**

                              Defendants.

------------------------------------------------------------------------ x

      Plaintiff Kevin Paul by his attorneys, Stoll, Glickman & Bellina, LLP, for his Complaint alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. § 1983 for the violation of his Fourth and Fourteenth Amendment rights, in addition to violations of the laws and Constitution of the State of New York.

2. The claim arises from a November 2, 2015 incident in which New York City Police Department ("NYPD") officers of the 75th Precinct, acting under color of state law, falsely arrested Mr. Paul.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §§ 1983 and 1988 and the laws and Constitution of the State of

New York.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3)-(4), 1367(a), and the doctrine of pendent jurisdiction.

6. Venue is laid within the Eastern District of New York in that Defendant City of New York is located within the boundaries of the Eastern District, and a substantial part of the events giving rise to the claim occurred in Kings County.

## PARTIES

7. Plaintiff KEVIN PAUL is a resident of Kings County in New York State.

8. The CITY OF NEW YORK ("City") is a municipal corporation organized under the laws of the State of New York. At all times relevant hereto, Defendant City, acting through the NYPD, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention, and conduct of all NYPD personnel. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

9. Defendant Officer KRISTA OWENS was at all times here relevant a police officer of the NYPD, and as such was acting in the capacity of an agent, servant, and employee of the City of New York. On information and belief, at all times relevant hereto, Officer Owens was involved in the decision to arrest Plaintiff without probable cause, or failed to intervene in the actions of her fellow officers when she observed them arresting Plaintiff without probable cause. Officer Owens is sued in her individual capacity.

10. Defendant JOHN DOE OFFICERS #1-3, whose true names are currently unknown to Plaintiff, were at all times here relevant police officers of the NYPD, and as such were acting in

the capacities of agents, servants, and employees of the City of New York. On information and belief, at all times relevant hereto, the John Doe Officers were involved in the decision to arrest Plaintiff without probable cause, or failed to intervene in the actions of their fellow officers when they observed them arresting Plaintiff without probable cause. The John Doe Officers are sued in their individual capacities.

11. At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF CLAIM

12. Within 90 days of the events giving rise to this claim, Plaintiff filed a written Notice of Claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of the Notice, and this matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

13. On November 2, 2015, at approximately 11:00 P.M. Plaintiff Kevin Paul was riding in the passenger seat of his friend's car in Brooklyn.

14. Four police officers – Defendant Officer Owens and the three John Doe officers – pulled over the car on Willoughby Avenue near Marcus Garvey Boulevard.

15. The officers removed Mr. Paul from the car. Then questioned and searched Mr. Paul. They did not find any contraband on him. Mr. Paul was not committing any crimes and had not committed any crimes prior to the police encounter.

16. The officers searched the car. They handcuffed Plaintiff and brought him to the 75th Precinct, and then to Brooklyn Central Booking.

17. The following day, November 3, 2015, Plaintiff was informed that he was being

released from police custody.  No charges were filed against him.  He never saw a judge and was not issued a ticket or summons.

18.    At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate Plaintiff's rights.  The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events.  They failed to intervene in the obviously illegal actions of their fellow officers against Plaintiff.

19.    During all of the events above described, Defendants acted maliciously and with intent to injure Plaintiff.

## DAMAGES

20.    As a direct and proximate result of the acts of defendants, Plaintiff suffered the following injuries and damages:

a. Violation of his rights pursuant to the Fourth Amendment of the United States Constitution to be free from an unreasonable search and seizure of their persons;

b. Violation of his rights pursuant to the Fourteenth Amendment of the United States Constitution to due process;

c. Violation of his New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

d. Violation of his New York State Constitutional rights under Article 1, Section 6 to due process;

e. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety; and

f. Loss of liberty.

## **FIRST CAUSE OF ACTION**
42 U.S.C. § 1983
FALSE ARREST

21. The above paragraphs are here incorporated by reference.

22. The officer defendants wrongfully, unjustifiably, and illegally apprehended, arrested, detained, and imprisoned Plaintiff, and failed to intervene in each other's obviously illegal actions.

23. The wrongful arrest was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

24. All of this occurred without any illegal conduct by Plaintiff.

25. Defendants' conduct deprived Plaintiff of his rights under the Fourth and Fourteenth Amendment to the United States Constitution. Defendants are liable to Plaintiff under 42 U.S.C. § 1983.

26. Plaintiff has been damaged as a result of Defendants' wrongful acts.

## **SECOND CAUSE OF ACTION**
FALSE ARREST & FALSE IMPRISONMENT

27. The above paragraphs are here incorporated by reference.

28. Defendants, their officers, agents, servants and employees, subjected Plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

29. Defendants intended to confine Plaintiff, Plaintiff was conscious of his confinement, and did not consent to his confinement.

30. No criminal charges were brought against Plaintiff.

31. As a direct and proximate result of the misconduct and the abuse of authority detailed above, Plaintiff sustained the damages described above.

## **FIFTH CAUSE OF ACTION**
RESPONDEAT SUPERIOR

32. The above paragraphs are here incorporated by reference.

33. Defendants' tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

34. As a result of Defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, Plaintiff was damaged.

WHEREFORE, Plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

B. Awarding Plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding Plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury.

DATED:   October 7, 2016
         Brooklyn, New York

                                                    Respectfully submitted,

                                                    STOLL, GLICKMAN & BELLINA, LLP

TO:   City of New York
      100 Church Street
      New York, NY 10007                            Amy E. Robinson, Esq.
                                                    475 Atlantic Ave, 3rd floor
      Officer Krista Owens                          Brooklyn, NY  11217
      Police Service Area 3                         (718) 852-3710
      25 Central Ave                                arobinson@stollglickman.com
      Brooklyn, NY, 11206                           *Attorneys for Plaintiff*